Filed 6/2/21  In re N.R. CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re N.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>N.R.,<br><br>        Defendant and Appellant. | A161824<br><br>(Contra Costa County<br>Super. Ct. No. J2000097) |

N.R. appeals from a dispositional order entered in a juvenile proceeding after revocation of probation under Welfare and Institutions Code section 777.[1]  N.R.'s court-appointed counsel has filed a brief raising no legal issues and requesting this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Counsel declares that he advised N.R. at his last known address that he is filing this *Wende* brief and that N.R. may himself file a supplemental brief within 30 days raising any issues he wishes to call to the court's attention.  N.R. filed no such brief.

This appeal, which is authorized by section 800, was timely filed on January 11, 2021.

_____

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified,

1

## FACTS[2] AND PROCEEDINGS BELOW

On September 12, 2020, Oakland police officers responded to a report of gunfire at 1015 70th Avenue in Oakland. When officers arrived on the scene, they were told by a complaining witness that N.R. was one of two persons who fired shots at his home. The witness stated that N.R., a former friend of his, associated with members of the "69 Ville" gang, and that prior to the shooting, he and others threatened him and chased him down the street with guns.

When Oakland police officers went to N.R.'s home to arrest him he ran to the backyard of a nearby house and was seen by an officer to have reached into a hot tub to retrieve a firearm. N.R. did not aim the firearm at any officer, but held the weapon at his side, reentered his own house through a sliding glass door, and returned outside a few minutes later to surrender to the police. During a search of N.R.'s house, officers found a loaded extended-capacity handgun magazine in his bedroom along with two other firearms, and a bottle of Promethazine Hydrochloride.

On December 10 and 16, 2020, the Contra Costa County District Attorney filed two separate notices alleging that N.R., a juvenile, had violated his probation (§ 777) The December 10 notice alleged that on December 8, N.R. was arrested by Oakland police for making criminal threats (Pen. Code, § 422), possessing a controlled substance while armed (Health & Saf. Code, § 11370.1), carrying a loaded firearm (Pen. Code, § 25850, subd. (a)), and three counts of being a felon in possession of a firearm (Pen. Code, § 29800). The second notice alleged that on December 8,

---

[2] Because there was no contested dispositional hearing, we relate the facts set forth in the probation report filed on January 6, 2021.

N.R. unlawfully possessed three firearms, ammunition, and a bottle of Promethazine Hydrochloride.

On December 22, 2020, N.R. admitted the probation violations and the court sustained the allegations. At the January 6, 2021 dispositional hearing, the court ordered N.R. remain a ward of the court for a period not to exceed the maximum custody time of 6 years and 8 months, or until age 21, whichever occurs first. The court ordered N.R. detained and, over objection, ordered him to participate in the Youth Offender Treatment Program (YOTP) and successfully complete all phases of the program.

At the dispositional hearing, the court stated its concern with N.R.'s behavior at the time of his arrest, "[concern] about N.R.'s behavior and the risk that he's placing himself in," and that "firearms have been a consistent theme throughout [N.R.'s] case." The court noted that earlier, in August of 2019, N.R. and another person attempted to rob a camera shop while armed. At the disposition hearing for that incident, which took place in the Alameda County Superior Court, N.R. was adjudged a ward of the court and placed on probation for second degree robbery while armed (§ 12022, subd. (a)(1)), and a misdemeanor count of grand theft. (§ 487, subd. (c).)

In the course of the present proceeding, the juvenile court also noted that N.R. had previously violated probation by "possessing keys, a wallet, and credit cards, and a driver's license of a rideshare driver at gunpoint." At the disposition hearing for that offense, the court declined to follow the recommendation of the probation department to commit N.R. to YOTP. Instead, the court suspended an earlier commitment to YOTP, placed him on home supervision for 90 days, and allowed N.R. to reside with his father.

In the present proceeding, based on N.R.'s failure to succeed on the placement with his father, the court followed the probation department's

3

recommendation to commit N.R. to YOTP, stating that "any lesser restrictive placement would not be sufficient for [N.R.'s] rehabilitation, protection, and safety of the public."

Defense counsel objected to that ruling, claiming that it "essentially commits a minor to the [YOTP] until maximum custodial time is reached, or until the court loses jurisdiction." Noting that the indefinite commitment and lack of judicial oversight "results in seemingly arbitrary decisions [by the probation department] and increased custodial times for minors," counsel asked that N.R.'s YOTP commitment be limited to 10 months or, alternatively, a review every 90 days to assess his progress in the program.

The court denied the request, explaining that the commitment was "not indefinite [because] the technical legal maximum commitment" is to the "potential maximum age 21, or . . . 6 years and 8 months, whichever is earlier." Additionally, the juvenile court did not believe it was delegating to the probation department the authority to determine N.R.'s length of commitment. In order to assure it retained that authority, the court scheduled a YOTP review hearing 10 months from the date of the disposition to supervise [N.R.'s] progress and determine the ultimate length of his commitment," so that he "will not be there a day longer than [the court was] contemplating without review by the [juvenile court]."

The court also rejected defense counsel's objection to the probation department's recommended conditions relating to gangs as vague and overbroad, and claim that a probation officer should not have authority to determine "what is gang territory [and] who is a gang member." The court observed that "giving the probation officer that supervision authority . . . is a very common form of supervision authority and probation officers are in a position to make those determinations." The juvenile court added that if N.R.

4

sought review of the probation department's determinations, counsel could move to "modify the judgment of the disposition." With respect to N.R.'s objection that the gang conditions could infringe on N.R.'s first amendment rights, the court noted that "a defined limitation on what he may or may not do . . . does not overly infringe on his first amendment rights.

## DISCUSSION

As the court made clear, all the objections made by defense counsel at the dispositional hearing were premature. If counsel's concerns materialize, they can be addressed by a motion to modify the disposition or raised at the YOTP review scheduled by the court for that purpose.

N.R. was represented by able counsel who assiduously advanced his interests throughout the proceedings.

There was no sentencing error.

There are no legal issues that require further briefing.

Accordingly, the jurisdictional and dispositional orders of the superior court are affirmed.

_____
Kline, P.J.

We concur:

_____
Richman, J.

_____
Miller, J.

*In re N.R.* (A161824)

6